J-S32036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                             :              PENNSYLVANIA

           Appellee           :

                      :

             v.              :

                      :

ANDRE LAMONT JACOBS,         :

                      :

          Appellant         :        No. 2036 WDA 2014

Appeal from the PCRA Order entered on November 20, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0002109-2006

BEFORE: SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED JUNE 01, 2015**

Andre Lamont Jacobs ("Jacobs") appeals from the Order denying his

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

In a prior appeal, the Pennsylvania Supreme Court described the facts

underlying the instant appeal as follows:

> In January 2006, [Jacobs] remained incarcerated as a pretrial
> detainee on the eighth floor of the Allegheny County Jail, where
> he had resided since June 2005. [Jacobs's] cell was adjacent to
> the cell occupied by another inmate, Frank Seretich ["Seretich"],
> who was moved to this cell on December 20, 2005. The eighth
> floor, which is sixteen stories and 186 feet above the ground,
> houses the disciplinary unit, in which inmates are confined to
> their individual cells for twenty-three hours a day. [Jacobs's] and
> Seretich's jail cells were designed to share an exterior panel of
> glass, which was missing because of an escape attempt ten
> years before. Moreover, [Jacobs's] and Seretich's cells each

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

contained an individual interior Lexan[FN] window, with a screen exterior to it, and two metal bars running from the top to the bottom of each window.

---

[FN] Lexan glass is a plastic polycarbonate.

---

In the early morning hours of January 12, 2006, Seretich fell to his death while trying to escape from his window with a 225-foot makeshift rope composed of bed sheets, uniforms, and towels. … During the ensuing investigation, authorities looked first into Seretich's cell, where they discovered the makeshift rope, with one end attached to the bed. They further discovered that the interior Lexan window in Seretich's cell had been removed and was on the floor, that the screen had been cut and pushed aside, that the metal window bar was missing and could not be located in the cell, and a one-by-four inch hole in the wall between [Jacobs's] and Seretich's cells.

In [Jacobs's] cell, from which [Jacobs] had been removed to permit the investigation, authorities discovered that [Jacobs's] interior window was similarly removed, the exterior screen was similarly cut and pushed aside, and the metal window bar was similarly missing. They also discovered a metal pry bar that was apparently used to remove Seretich's and [Jacobs's] windows, [Jacobs's] removed window, two metal bars, one from Seretich's and one from [Jacobs's] windows, and strips of cloth similar to those used to construct Seretich's rope. During the investigation, [Jacobs] admitted that after Seretich fell to his death, [Jacobs] leaned out his open window, pulled the rope inside, and tossed it into Seretich's cell.

*Commonwealth v. Jacobs*, 39 A.3d 977, 978-79 (Pa. 2012) (footnote in original).

A jury convicted Jacobs of criminal attempt (escape), conspiracy, and weapons or implements for escape.[2] On June 30, 2008, for his conviction of criminal attempt (escape), the trial court sentenced Jacobs to 16-32 months

---

[2] 18 Pa.C.S.A. §§ 901(a), 903(a)(1), 5122(a)(2).

in prison, to be served consecutive to the sentence he was then serving. For his conviction of conspiracy, the trial court sentenced Jacobs to 16-32 months in prison, to be served concurrently with his sentence for criminal attempt. For his conviction of weapons or impliments of escape, the trial court imposed a consecutive prison term of 33-66 months, for an aggregate sentence of 49-98 months in prison.

On appeal, this Court denied relief on a challenge to the sufficiency of the evidence and rejected Jacobs's claim that his sentences for criminal attempt and criminal conspiracy should have merged. *Commonwealth v. Jacobs*, 984 A.2d 1015 (Pa. Super. 2009) (unpublished memorandum at 3-8). However, this Court remanded for resentencing, as Jacobs's sentences for each of his convictions exceeded the statutory maximum. *Id.* at 8-9. The Pennsylvania Supreme Court granted allowance of appeal as to Jacobs's sentencing issue, but ultimately affirmed the Order of the Superior Court. *See Jacobs*, 39 A.3d at 987.

On remand, the trial court resentenced Jacobs to 12-24 months in prison for his conviction of attempted escape, a consecutive sentence of 12-24 months in prison for his conviction of conspiracy, and a consecutive prison term of 25-50 months for his conviction of weapons or impliments of escape. Thus, the trial court imposed an aggregate prison term of 49-98 months. Although Jacobs timely filed post-sentence Motions, he

subsequently withdrew those Motions, and did not file an appeal of his revised sentence.

On March 4, 2014, Jacobs timely filed the instant PCRA Petition. The PCRA court appointed counsel, who filed an Amended PCRA Petition. After an evidentiary hearing, Jacobs filed a Supplement to PCRA Petition. On November 20, 2014, the PCRA court entered an Order denying Jacobs's Petition. Thereafter, Jacobs filed the instant timely appeal.

Jacobs presents the following claims for our review:

1. Did the [PCRA] court err in denying [Jacobs's] PCRA Petition since trial counsel [] was ineffective for proceeding with jury selection without a judge and court reporter present, without [Jacobs's] consent?

2. Did the [PCRA] court err in denying [Jacobs's] PCRA Petition since [PCRA] counsel [] was ineffective for insisting that [Jacobs] not utilize a "duress" defense since [Jacobs] told trial counsel that he knew that Seretich was going to escape, that Seretich stole photos of [Jacobs's] family from his cell and threatened [Jacobs] with harm to his family if Jacobs did not assist in Seretich's escape attempt, and if the jury had heard this testimony from [Jacobs] it would likely have excused his minimal/forced participation in the escape attempt[,] and rendered a not guilty verdict at all counts?

Brief for Appellant at 3 (capitalization omitted).

Jacobs first claims that his trial counsel rendered ineffective assistance by allowing jury selection to proceed without the trial judge and court reporter being present. *Id.* at 12. According to Jacobs, Pa.R.Crim.P. 631(A) requires that jury selection be conducted in the presence of a judge, unless

- 4 -

the judge's presence is waived by the prosecutor, defense counsel, and the defendant. *Id.* at 14. Jacobs argues that

> he did not consent to a waiver and that [t]rial [c]ounsel did not inform him that he had the right to the presence of a judge and did not ask his consent for a waiver, that [t]rial [c]ounsel failed to honor his requests to strike jurors, and that a judge should have been present since the [t]rial [c]ourt was already on notice that a conflict existed between [t]rial [c]ounsel and [Jacobs].

*Id.* at 14-15. Jacobs further contends that he refused to sign the jury selection waiver forms and that the signature on those forms is not his signature. *Id.* at 15. Jacobs argues that, because he wanted a judge and court reporter present during jury selection, and did not waive that right, his trial counsel rendered ineffective assistance warranting the grant of a new trial. *Id.*

On appeal, we review the PCRA court's findings to see if they are supported by the record and free from legal error. *Commonwealth v. Hammond*, 953 A.2d 544, 546 (Pa. Super. 2008). Our scope of review is limited to the findings of the PCRA court, viewed in the light most favorable to the prevailing party. *Commonwealth v. Fitzgerald*, 979 A.2d 908, 910 (Pa. Super. 2009). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]" *Commonwealth v. Watkins*, 108 A.3d 692, 701 (Pa. 2014).

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no

reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. **Hammond**, 953 A.2d at 556. A failure to satisfy any prong of this test requires rejection of the claim. **Id.**

In its Opinion, the PCRA court addressed Jacobs's claim as follows:

> During the PCRA hearing, [Jacobs] continued to allege that he did not sign his signature on the forms waiving the presence of a judge and court reporter at jury selection. Trial counsel, Lisa Phillips ["Attorney Phillips"], stated that although she does not specifically remember [Jacobs] signing the jury selection waiver forms, the signature on the forms would have been [Jacobs's] signature. Trial counsel stated that she did not sign [Jacobs's] name, and explained that if [Jacobs] had refused to sign the forms[,] then jury selection would have stopped and they would have returned to the courtroom. [N.T., 9/26/14, at 43, 54.] This Court finds trial counsel's testimony to be credible and the testimony of [Jacobs] not to be credible….

PCRA Court Opinion, 3/4/15, at 3 (reformatted citation in original).

The PCRA court's credibility determinations are supported in the record and accordingly, they are binding upon this Court. **See Watkins**, 108 A.3d at 701. As Jacobs failed to establish that his ineffectiveness claim is of arguable merit, we cannot grant him relief.

Jacobs next claims that the PCRA court improperly denied him relief, where his trial counsel rendered ineffective assistance by insisting that Jacobs not pursue a "duress" defense at trial. Brief for Appellant at 16. Jacobs asserts that he was threatened by Seretich into participating in Seretich's escape attempt. **Id.** According to Jacobs, trial counsel insisted that Jacobs claim that he did not participate at all in the escape attempt.

***Id.*** Jacobs argues that, had he revealed the truth about his forced involvement, the jury likely would have acquitted him on all counts. ***Id.***

The PCRA court addressed this claim in its Opinion, and stated the following:

> During the PCRA hearing[, Jacobs] testified that he wrote to [Attorney] Phillips and told her that he participated in the escape because he was coerced by [] Seretich[,] who used threats "… upon my family and using my personal property to coerce me to help him escape, but that I told her I never intended to escape." ([N.T., 9/26/14,] at 16). [Jacobs] explained that one of the guards stole personal family photographs from his cell and gave them to [] Seretich, who threatened to kill [Jacobs's] grandmother and other relatives unless [Jacobs] helped [] Seretich escape. ([***Id.***] at 17-18). [Jacobs] claimed that he wrote [Attorney Phillips] a letter informing her that he wanted to proceed to trial defending the charges on the bases of coercion, since he was threatened and forced to participate in the escape, but [Attorney Phillips] rejected that defense. ([***Id.***] at 19). [Jacobs] claimed [that Attorney Phillips] corresponded [with] him, stating that she wanted his defense to be denying involvement in the escape and denying knowledge of the escape and claiming he was merely a scapegoat, even though she knew this was not truthful. ([***Id.***] at 19-21).
>
>    … This Court does not find any of [Jacobs's] testimony to be credible. This Court believes that trial counsel indicated to [Jacobs] that he should be completely forthright in his testimony. [Jacobs] testified at trial but never stated he was threatened and forced to participate in the escape attempt[;] instead[,] he denied any involvement in the escape. ([N.T., 4/23-28/08,] at 134-147).
>
>    Furthermore, [Attorney Phillips] did not recall being informed of any threat against [Jacobs], compelling him to participate in the escape, and the correspondence does not demonstrate such a threat. … [Attorney Phillips] testified that [Jacobs] told her about a drug ring conspiracy that involved [] Seretich and some of the correction officers and about "fishing", but not about any coercion or threats compelling him to participate in the escape. ([N.T., 9/26/14,] at 44-45).

[Attorney Phillips] received a letter dated March 12, 2008, stating that personal photographs belonging to [Jacobs] were in the possession of [] Seretich. The letter stated[,] "They're mine and [are] what he used to try and force me to not tell the guards that he was escaping. He would kill my family. If addresses and pictures are still available, I can easily prove they're mine." There is no mention in the letter of any threat or other coercion against any family member unless [Jacobs] participated or assisted in the escape. The letter merely informs trial counsel that [Jacobs] was compelled to keep silent about [] Seretich's escape. This Court finds credible [Attorney Phillips's] statement that if she had been informed that [Jacobs] participated in the attempted escape due to threats of potential harm to his family, then she would have put forth that defense. ([*Id.*] at 50, 52). However, [Attorney Phillips] does not recall [Jacobs] informing her of any threats by [] Seretich to harm his family unless he assisted with the escape. Since this Court determines credibility of the witnesses at the PCRA hearing, this Court finds that [Jacobs] never informed [Attorney Phillips] that he was threatened to participate in the escape. Therefore, [Jacobs] has not established [that Attorney Phillips's] course of conduct lacked a reasonable basis designed to effectuate his interest.

PCRA Court Opinion, 3/4/15, at 4-6.

The PCRA court's findings are supported in the record, and its legal conclusions are sound. Accordingly, we affirm on the basis of the PCRA court's rationale, as set forth above. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2015

- 8 -