J-S71007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID HOLLOWAY :
:
Appellant : No. 4012 EDA 2017

Appeal from the Judgment of Sentence December 8, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0508761-2006

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.: **FILED AUGUST 29, 2019**

Appellant, David Holloway, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, which was first imposed after a jury found him guilty of three counts of attempted murder, four counts of aggravated assault, and one count each of criminal conspiracy, possessing an instrument of crime, and carrying a firearm without a license. The trial court sentenced Appellant to an aggregate sentence of forty-seven to one-hundred seven years of imprisonment. We affirmed Appellant's judgment of sentence, and the Supreme Court denied Appellant's petition for allowance of appeal.

Subsequently, Appellant filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which raised claims asserting ineffective assistance of counsel and that he had been illegally sentenced. Approximately three years after its filing, PCRA counsel amended Appellant's

petition. The PCRA court granted partial relief to Appellant by vacating Appellant's sentence for conspiracy to commit murder, but denied all other aspects of his petition.

The court held a new hearing on December 8, 2017, to resentence Appellant for the lesser offense of conspiracy to commit aggravated assault. As a result, the court resentenced Appellant from his initial eight to twenty-year sentence for conspiracy, running consecutively, to a concurrent term of five to ten years. All of Appellant's other sentences remained unaltered. Appellant timely appeals this resentencing. We affirm.

On December 11, 2017, three days after his resentencing hearing, Appellant filed a notice of appeal. Thereafter,

> [o]n December 27, 2017, [the sentencing court] ordered [Appellant] to file a concise statement of matters complained of on appeal no later than January 26, 2018. Counsel for [Appellant], instead, filed a motion to withdraw[] as counsel in [the sentencing court] and subsequently failed to comply with [the sentencing court]'s December 27, 2017 Order. Additionally, Defendant filed a *pro se* concise statement of matters complain[ed] of on appeal on February 13, 2018.

Trial Court Opinion, 3/20/18, at 2 n.1. The sentencing court issued its Pa.R.A.P. 1925(a) opinion on March 22, 2018.

Appellant's first counsel filed a brief to this Court on April 23, 2018. After that, the trial court permitted Appellant's first counsel to withdraw his representation on May 18, 2018, and appointed new counsel on May 31, 2018. Appellant's second counsel filed a motion for reconsideration of sentence on July 10, 2018, but the trial court did not issue a corresponding ruling on that

motion. Appellant's second counsel filed a supplemental brief with this Court on July 26, 2018.

We have already laid out the underlying facts of this case in an earlier memorandum, wherein we remanded the matter to the sentencing court for Appellant to properly incorporate a 1925(b) statement of record *nunc pro tunc* and for the sentencing court to prepare a responsive opinion to that statement. **See Commonwealth v. Holloway**, No. 4012 EDA 2017, at 2-7 (Pa. Super., filed 5/1/19). Although parties were provided the opportunity to do so, no further supplemental briefing has been provided. Appellant and the sentencing court have adhered to the dictates of the remand, so the matter is now properly before us for consideration.

In his *nunc pro tunc* 1925(b) statement, Appellant raises seven issues, including challenges to the legality and discretionary aspects of the sentence imposed, the sufficiency of the evidence to support his conviction for conspiracy, and a claim that the trial court erred in instructing the jury. However, in reviewing the argument sections of both the first counsel's brief and second counsel's supplemental brief, we note that Appellant solely challenges the discretionary aspects of sentencing. **See** Appellant's Brief, at 6 ("Appellant challenges the discretionary aspects of sentencing, not the legality of the sentence imposed."); Appellant's Supplemental Brief, at 8 ("The aggregate sentence imposed by the trial court in this case was unreasonable and a manifest abuse of discretion.").

Appellant purports to raise a challenge to the legality of his sentence in his 1925(b) statement. This challenge cannot be waived, even though Appellant has failed to make any attempt to develop it. *See Commonwealth v. Foster*, 17 A.3d 332, 334 (Pa. 2011). To the best of our ability to discern Appellant's claim, we understand it to be a claim that the trial court impermissibly sentenced for multiple counts of inchoate crimes.

A person can only be convicted on a single count of conspiracy if all the predicate crimes were part and parcel of the goal of the conspiracy. *See* 18 Pa.C.S.A. § 903(c). Similarly, a person can only be convicted of one inchoate crime if the conduct at issue culminated in the commission of the same crime. *See* 18 Pa.C.S.A. § 906. Importantly, these rules do not affect verdicts; they only control sentencing. *See Commonwealth v. Jacobs*, 39 A.3d 977, 983 (Pa. 2012). Further, Rule 906 does not prohibit sentencing for multiple inchoate crimes where the charges are based on distinct actions that were intended to culminate in different crimes. *See id*., at 981.

Here, Appellant was convicted of one count of both conspiracy and attempt. However, the factual bases for these crimes are distinct. The conspiracy conviction was based on Appellant's participation in a scheme to rob a bar and assault the patrons inside. In contrast, the attempt conviction was based on Appellant's independent conduct in attempting to murder a witness and her children outside of the bar. Appellant's separate sentences

for conspiracy and attempted murder do not violate either Rule 903(c) or Rule 906.

To the extent Appellant sought to raise challenges to the sufficiency of the evidence and the jury instructions, those claims are waived due to Appellant's failure to include them in his brief. "Arguments which are not properly developed are waived." *Lackner v. Glosser*, 892 A.2d 21, 29 (Pa. Super. 2006) (citation omitted). Further, our prior cases make it quite clear that we "shall not develop an argument for [an appellant], nor shall we scour the record to find evidence to support an argument[.]" *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007). Turning to the only issue presented in Appellant's briefs, he asserts that "the sentencing court did not fully consider the sentencing guidelines in imposing [its] sentence." Appellant's Brief, at 6. Appellant states that the "sentence imposed was unduly harsh and oppressive and did not reflect the particular circumstances of the crimes or the [Appellant's] character, history and rehabilitative needs." *Id*.

The modification of Appellant's sentence was purely limited to resentencing him from the initial consecutive sentence that was imposed for criminal conspiracy to commit murder to a new concurrent sentence imposed for criminal conspiracy to commit aggravated assault. However, neither of Appellant's argument sections mention the word conspiracy nor address the new sentence imposed after resentencing. Instead, both briefs take the

opportunity to attack his aggregate sentence. While there is a singular reference in the supplemental brief to the resentencing process or outcome, it, too, is in the context of arguing that Appellant's aggregate sentence, which we already affirmed in Appellant's direct appeal, is somehow defective.

In reviewing Appellant's challenge to the discretionary aspects of his sentence, preliminarily, we note that such a claim "must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citations omitted). Here, neither Appellant nor his then counsel presented such a claim during the resentencing hearing. *See* Resentencing Hearing, 12/8/17, at 17-19. Further, Appellant did not file any post-sentence motion. As such, Appellant's argument is waived.

Accordingly, in finding all of Appellant's arguments either undeveloped or waived, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/19