**[J-69-2019] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 3 EAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court entered on September 7, |
| | : | 2018 at No. 2883 EDA 2016, |
| v. | : | reversing and affirming the |
| | : | Judgment of Sentence entered on |
| | : | August 31, 2016 in the Court of |
| JIMEL KING, | : | Common Pleas, Philadelphia |
| | : | County, Criminal Division at No. CP- |
| Appellant | : | 51-CR-0007769-2015. |
| | : | |
| | : | ARGUED:  September 11, 2019 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE MUNDY**                                    **DECIDED:  July 21, 2020**

I join Parts I and II of the majority opinion.  I agree with the rejection of King's claim that the Commonwealth's failure to provide technical notice of its intent to seek the enhanced sentence for attempted murder causing serious bodily injury under 18 Pa.C.S. § 1102(c) resulted in an illegal sentence.  Majority Opinion at 20-21.  However, for the reasons that follow, I respectfully dissent from Part III of the majority opinion, which holds that King's sentences for attempted murder and conspiracy to commit aggravated assault were illegal under 18 Pa.C.S. § 906.[1]  *Id.* at 31.

---

[1] Section 906 provides "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime."  18 Pa.C.S. § 906.  We have interpreted the term "convicted" to mean "the entry of a judgment of sentence, rather than a finding of guilt by the jury."  *See Commonwealth v. Jacobs*, 39 A.3d 977, 983 (Pa. 2012) (plurality).

In order to conclude that King's sentences for attempted murder and conspiracy to commit aggravated assault were impermissible, the majority first insists "the jury did not find King guilty of both conspiracy to commit [murder] and conspiracy to commit aggravated assault[,]" but rather only conspiracy to commit murder. *Id.* If this were the case, Section 906 would plainly preclude separate sentences for attempted murder and conspiracy to commit murder, as each inchoate offense was clearly designed to culminate in the commission of the same crime of murder. However, the verdict sheet indicates the jury found King guilty of conspiracy to commit murder and conspiracy to commit aggravated assault. Neither the Commonwealth nor King dispute the fact that King was found guilty of both conspiracy to commit murder and conspiracy to commit aggravated assault. A review of the verdict sheet in this matter further dispels any confusion on this point. *See* Attached Verdict Sheet (Redacted). Notwithstanding the intent the Commonwealth or King had regarding the two conspiracy charges, the verdict sheet plainly shows the jury found King guilty of two separate counts of conspiracy.[2] Because of this, King maintains that both conspiracy convictions were improper under 18 Pa.C.S. § 903(c).[3] However, despite his conviction for both crimes, King was only penalized for conspiracy to commit aggravated assault. Therefore, King's sentence for conspiracy to commit aggravated assault does not offend Section 903(c).

---

[2] King's argument is premised upon his understanding that he was convicted of two conspiracy counts. Nevertheless, the record is devoid of any evidence that King objected to the verdict sheet or otherwise preserved the argument the majority now relies on that the conspiracy counts on the verdict slip, in fact, represented aspects of only one general count of conspiracy.

[3] Section 903(c) provides that "[i]f a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship." 18 Pa.C.S. § 903(c). The majority bypasses an extensive portion of King's argument addressing Section 903(c) by summarily concluding there was only one conspiracy.

The majority alternatively reasons that even if convicted of two conspiracies, King's sentences for attempted murder and conspiracy to commit aggravated assault violate Section 906. King's sentences for these offenses do not run afoul of Section 906. The majority broadly interprets the phrase "designed to commit or to culminate in the commission of the same crime" as used in Section 906, leading it to conclude that both attempted murder and conspiracy to commit aggravated assault were intended to culminate in the commission of the same crime, specifically the murder of the victim. However, these crimes were not necessarily designed to culminate in the commission of the same crime in the narrowest sense, as the object crime of murder requires the specific intent to kill, while aggravated assault merely requires the intent to cause serious bodily injury. *See* 18 Pa.C.S. §§ 1102(a), 2702(a).

Finally, I am unpersuaded that a narrow interpretation is inconsistent with our precedent addressing Section 906 in either *Commonwealth v. Graves*, 508 A.2d 1198 (Pa. 1986) (per curiam), or *Commonwealth v. Jacobs*, 39 A.3d 977 (Pa. 2012) (plurality). In *Graves*, this Court affirmed Graves' separate sentences for conspiracy and solicitation related to an incident during which Graves and fellow members of a motorcycle gang attacked three undercover police officers. We explained that these offenses did not merge under Section 906 because "each was directed at a different end[,]" specifically "[t]he conspiracy was for the purpose of furthering an assault with several co-defendants upon three police officers; the solicitation to murder had as its object the death of one of the officers." *Graves*, 508 A.2d at 1198. In *Jacobs*, this Court affirmed Jacobs' separate sentences for attempted escape and conspiracy to commit escape related to his failed attempt to escape from county jail along with fellow-inmate Frank Seretich. We explained that "each inchoate crime had a separate criminal purpose: the attempt was to culminate in [Jacobs'] escape, and the conspiracy was to culminate in either Seretich's or both of

their escapes." *Jacobs*, 39 A.3d at 986. Similar to *Graves* and *Jacobs*, King's inchoate crimes had distinct purposes, one to kill and another to seriously injure the victim.

Indeed, I agree with the Superior Court's conclusion in *Commonwealth v. Kelly*, 78 A.3d 1136 (Pa. Super. 2012), that Section 906 does not preclude separate sentences for attempted murder and conspiracy to commit aggravated assault. Kelly was convicted and sentenced separately for several offenses, including attempted murder and conspiracy to commit aggravated assault arising from a shooting incident involving one victim. The majority reasoned that the offenses of attempted murder and conspiracy to commit aggravated assault are not designed to culminate in the commission of the same crime, specifically, murder.[4] *Id.* at 1145. The majority therefore construed the statute in a narrow sense and found that "[s]ince aggravated assault and murder are not the same crime, [Section 906] does not automatically apply to the conspiracy to commit aggravated assault and attempted murder convictions." *Id.* Despite reaching this conclusion, the majority vacated Kelly's conspiracy conviction on the separate basis that the jury's general conspiracy verdict was ambiguous. *Id.* at 1146.

Like *Kelly*, King's separate sentences for attempted murder and conspiracy to commit aggravated assault were not improper because these offenses were not designed to culminate in the commission of the same crime. Unlike *Kelly*, however, there is no ambiguity concerning the jury's conspiracy verdicts in this case. As explained previously, the jury's verdict indicates that it found two separate conspiratorial objectives, one to seriously injure and one to kill the victim. For this reason, King's sentences for attempted

---

[4] The majority further supported this position by noting that these offenses would not merge under traditional merger principles because each offense included an additional element absent from the other. In particular, the majority reasoned that "attempted murder requires a specific intent to kill, which conspiracy to commit aggravated assault does not, and the conspiracy crime requires an agreement that is not included in attempted murder." *Kelly*, 78 A.3d at 1145.

murder and conspiracy to commit aggravated assault are inchoate crimes that did not result in the commission of the same crime under Section 906. Adopting the majority's broad interpretation of Section 906 results in no punishment for King's involvement in a conspiracy. I would not find King entitled to such a windfall.

Accordingly, I join Parts I and II of the majority opinion but dissent from Part III.


Justice Dougherty joins this concurring and dissenting opinion.

COMMONWEALTH OF PENNSYLVANIA     v. : **JIMEL KING**

| VERDICT REPORT CRIMINAL CASE | JUDGE: Giovanni O. Campbell | | ROOM: 801 |
|---|---|---|---|
| | A.D.A. Danielle M. Bunting | | DATE: 5-26-2016 |
| | DEF. ATTY. Joseph McPeak | | CRIER: Linda Jones |

| CHARGES | INFORMATION | CHARGE # | VERDICT |
|---|---|---|---|
| **Attempted Murder** Victim- Arielle Banks Glover | CP-51-CR-0007769-2015 | #1 | Guilty |
| **Conspiracy To Commit Murder** | CP-51-CR-0007769-2015 | #2 | Guilty |
| **Conspiracy to Commit Aggravated Assault** | CP-51-CR-0007769-2015 | #2 | Guilty |
| **Aggravated Assault- Causing Serious Bodily Injury** Victim- Arielle Banks Glover | CP-51-CR-0007769-2015 | #3 | Guilty |
| Firearms Not To Be Carried W/O License | CP-51-CR-0007769-2015 | #4 | Guilty |
| Carrying Firearms In Public Streets or Public Property In Phila | CP-51-CR 0007769-2015 | . #5 | Guilty |
| Possession Of An Instrument Of Crime -Firearm | CP-51-CR-0007769-2015 | #6 | Guilty |
| | | | Answer only if you find the defendant guilty of Attempted Murder. Do you find beyond a reasonable doubt that the victim suffered serious bodily injury? (YES) or NO |
| **First Judicial District   of Pennsylvania** | | | **Circle One** |

First Judicial District   of Pennsylvania

CP-51-CR-0007769-2015 Comm. v King, Jimel Guilty

7453018401

Foreperson (Signature):

5/27/16

3:10 pm