J-S45025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :
           v.                            :
                                          :
                                          :
DMITRY KUPERSCHMIDT                  :
                                          :
           Appellant              :      No. 3156 EDA 2018

Appeal from the Order Entered November 1, 2018
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000423-2014

BEFORE:   BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:           **FILED AUGUST 26, 2019**

Dmitry Kuperschmidt (Appellant) appeals from the judgment of sentence imposed following remand from this Court.[1]  Upon review, we again vacate Appellant's judgment of sentence and remand for resentencing.

A prior panel of this Court summarized the factual and procedural background as follows:

> This case arises out of Appellant's fraudulent voting scheme in the 2014 Wild Acres Community Association election.  Appellant and his co-defendant, Myron Cowher, II, planned to cast ballots for

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In disposing of his first appeal, this Court reversed Appellant's criminal use of a communication facility conviction. ***Commonwealth v. Kuperschmidt***, 3295 EDA 2016 (Pa. Super. Feb. 7, 2018) (unpublished memorandum). Because the reversal upset the trial court's overall sentencing scheme, we vacated Appellant's judgment of sentence and remanded for resentencing. ***Id.*** at *13.

historically non-voting property owners of the Wild Acres Community in order to influence the election results. Appellant went to trial in May of 2016 on 217 counts, including forgery, identity theft, criminal use of a communication facility, tampering with records or identification, criminal attempt, and criminal conspiracy.[2] The jury convicted Appellant on 190 counts[, including attempted forgery, attempted identity theft, attempted tampering with records or identification, conspiracy to commit forgery, conspiracy to commit identity theft, and conspiracy to tamper with records or identification].

*Commonwealth v. Kuperschmidt*, 3295 EDA 2016, *1 (Pa. Super. Feb. 7, 2018) (unpublished memorandum) (footnotes omitted).

The trial court further explained:

Appellant's original sentencing took place on September 8, 2016, during which he received a total aggregate sentence of not less than [12] months not more than [29] months incarceration at a state correctional facility.

\* \* \*

On September 19, 2016, [Appellant] filed a post-sentence motion for reconsideration of sentence and requested this court vacate the sentences imposed on all of the convictions for attempt and multiple convictions for conspiracy. On October 7, 2016, this court entered an amended sentencing order to reflect that the court declined to impose a sentence on counts 144, 145, and 217 in accordance with 18 Pa.C.S.A. § 906. [Appellant] filed a notice of appeal as to the October 7, 2016 order, and this court issued its 1925 opinion on January 3, 2017.

On February 7, 2018, the Superior Court affirmed all of [Appellant's] convictions except for the conviction for criminal use of communication facility (count 19) and remanded the case for resentencing. [Appellant] appealed the Superior Court's ruling to the Supreme Court, which denied [Appellant's] petition for allowance of appeal on July 9, 2018. On July 26, 2018, the

_____

[2] 18 Pa.C.S.A. §§ 4101(a)(2), 4120(a), 7512(a), 4104(a), 901, and 903.

- 2 -

Commonwealth filed a motion for modification of sentence based on the Superior Court's order of February 7, 2018.

A hearing was held on November 1, 2018. At the hearing, counsel for [Appellant] argued that this court may only impose a sentence for a single count of attempt because all of the inchoate offenses proven by the Commonwealth arose exclusively from [Appellant] and his co-defendant's single criminal objective to fix the 2014 election at the Wild Acres Community Association.

This court entered a sentencing order the same day and sentenced [Appellant] to the same aggregate sentence of incarceration in a state correctional facility for a period of not less than [12] nor more than [29] months. The court noted that it declined to enter a sentence on counts 144, 145, 217, charges of criminal conspiracy to commit forgery [], criminal conspiracy to commit identity theft [], and criminal conspiracy to commit tampering with records or identification [] in accordance with 18 Pa.C.S.A. § 906. Furthermore, this court also denied [Appellant's] oral motion for post-sentence bail on November 1, 2018.

Appellant filed a notice of appeal as to this court's sentencing order dated November 1, 2018 and the order dated November 2, 2018 which denied [Appellant's] motion for post-sentence bail. Appellant filed his concise statement of matters complained of on appeal on November 26, 2018.

Trial Court Opinion, 12/31/18, at *1, *3-4 (unnecessary capitalization omitted).

By order dated March 11, 2019, this Court denied Appellant's application for bail pending appeal. Order, 3/11/19. On appeal, Appellant presents a single issue for our review:

1. Did the trial court impose an illegal aggregate sentence of no less than twelve (12) months and no more than twenty-nine (29) months, a sentence which encompassed the imposition of multiple consecutive sentences for only inchoate crimes, all of which arose out of a single election fraud scheme in violation of 18 Pa.C.S.A. § [] 906.

Appellant's Brief at 3.

Section 906 of the Crimes Code provides, "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906. As noted by our Supreme Court, this Court has interpreted "'convicted' in Section 906 to mean the entry of a judgment of sentence, rather than a finding of guilty." *Commonwealth v. Jacobs*, 39 A.3d 977, 983 (Pa. 2012) (citation omitted). Moreover, our Supreme Court held that under Section 906, "inchoate crimes merge only when directed to the commission of the same crime, not merely because they arise out of the same incident." *Id.* Therefore, "a person may be convicted and sentenced for two inchoate crimes that arise out of the same incident which were not designed to culminate in the commission of the same crime." *Id.* (emphasis added). "In determining whether inchoate crimes are directed to the commission of the same crime, we have taken a narrow view of the object crime." *Id.*

Additionally, our Supreme Court has stated that challenges to a sentence's compliance with Section 906 "relate to the legality of sentence, [and thus] present[s] a question of law." *Jacobs*, 39 A.3d at 982 (citation omitted). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014) (citation omitted).

Appellant claims that the trial court fashioned an illegal sentence by "imposing consecutive sentences for multiple inchoate attempt criminal offenses, all of which arose from a single criminal endeavor[.]" Appellant's Brief at 10-11. Appellant argues that his multiple criminal attempt sentences violate Section 906 because they all "arose from [a] single criminal objective . . . to fix an election in favor of a candidate running for a seat on the Board of Directors at Wild Acres Community." *Id.* at 11. Appellant avers that to comply with Section 906, the trial court was "required to sentence Appellant to a single count of criminal attempt to commit identity theft (F3)." *Id.* at 17 (footnote omitted).

The Commonwealth disagrees, citing our Supreme Court's decision in ***Commonwealth v. Kingston***, 143 A.3d 917 (Pa. 2016). ***See*** Commonwealth Brief at 12-17. We find ***Kingston*** to be dispositive.

In ***Kingston***, the incarcerated defendant sent three separate letters on three separate days in an attempt to persuade his then-girlfriend to aide him in obtaining false testimony at his impending preliminary hearing. *Id.* at 919-20. The defendant's girlfriend reported the letters to police, who subsequently charged the defendant with three counts each of soliciting perjury and soliciting to hinder apprehension or prosecution. *Id.* at 920; 18 Pa.C.S.A. §§ 4902, 5105. At the conclusion of trial, the jury convicted the defendant of all six counts, and the trial court imposed a consecutive sentence at each count. *Id.*

On appeal, the defendant argued that pursuant to Section 906 of the Crimes Code, his six convictions should have merged into only two for sentencing purposes, one for soliciting perjury and one for soliciting to hinder apprehension or prosecution. A divided panel of this Court agreed, concluding that the defendant's "six separate solicitations were designed to culminate in the commission of only two crimes." *Kingston*, 143 A.3d at 921. The Commonwealth appealed the panel's decision and our Supreme Court granted allowance of appeal to decide "whether [Section 906] proscribes only convictions for two or more distinct inchoate crimes, or whether it also prohibits convictions for two or more counts of the same inchoate crime." *Id.* at 919.

Observing that the "General Assembly included no language in Section 906 limiting convictions for two or more successive violations of a single inchoate crime," our Supreme Court held, "Section 906 does not prevent convictions for more than one count of [an] inchoate crime []; it applies only to convictions for 'more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy.'" *Id.* at 925 (citing 18 Pa.C.S.A. § 906). Because the Court held that Section 906 "does not forbid the imposition of consecutive sentences for multiple violations of a single inchoate offense," it reversed this Court's decision and upheld the defendant's sentences at six separate solicitation convictions. *Id.* at 927.

Consistent with *Kingston*, Appellant's sentences for attempted forgery, attempted identity theft, and attempted tampering with records or

identification are consistent with Section 906. Like the defendant in **Kingston**, Appellant was sentenced at numerous counts for the same inchoate offense, attempt. 18 Pa.C.S.A. § 901(a); **Kingston**, 143 A.3d at 927 ("Section 906 does not forbid the imposition of consecutive sentences for multiple violations of a single inchoate offense.").

While Appellant's Section 906 claim does not merit relief, we are constrained to conclude that Appellant's sentence of 9 to 17 months at count 82 for attempted identity theft is illegal. Although Appellant does not raise this issue, we may address it *sua sponte* because it involves the legality of Appellant's sentence. **See Commonwealth v. Kiley**, --- A.3d ---, 2019 WL 3757608, *5 n.7 (Pa. Super. 2019) ("Appellant did not raise or brief this issue, but because it pertains to the legality of his sentence, this issue cannot be waived and it may be addressed by the Court *sua sponte*.") (citation omitted).

Section 9756(b)(1) mandates that "[i]n imposing a sentence of total confinement . . . [t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b)(1). Instantly, at count 82, the trial court sentenced Appellant to 9 to 17 months for attempted identity theft. **See** Trial Court Order, 11/1/18, at *2. As Appellant's minimum exceeds one-half of the maximum, Appellant's sentence at count 82 is illegal. Because we vacate Appellant's sentence at count 82, we have upset the sentencing scheme. Accordingly, we remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/19