452 A.2d 1047

**COMMONWEALTH of Pennsylvania**

v.

**Joseph MAGUIRE, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1982.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Denied Feb. 7, 1983.

Linda DiCicco, Assistant Public Defender, Norristown, for appellant.

Joseph Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

SPAETH, Judge:

This appeal is from judgment of sentence for attempted burglary.[1]  Appellant was also charged with, and a jury

1.   18 Pa.C.S.A. § 901.

found him guilty of, criminal conspiracy [2] and possession of an instrument of crime.[3] He argues that all of the charges should have been dismissed because he was not brought to trial as speedily as required by Pa.R.Crim.R. 1100. In the alternative, he argues that he should only have been sentenced for possession of an instrument of crime, and that the lower court should have "arrest[ed] judgment" on the other charges.[4] We affirm.

–1–

On March 28, 1980, appellant was arrested and charged with criminal conspiracy, criminal attempt (burglary), and possession of an instrument of crime. Under Pa.R.Crim.P. 1100, his trial was required to start within 180 days, or no later than September 24, 1980. On September 18, 1980, the Commonwealth filed a motion for an extension of time. After a hearing, the lower court granted the motion on October 6, 1980, and appellant's trial started that day. Appellant argues that the evidence at the hearing did not support the grant of an extension.[5]

In support of its motion for an extension, the Commonwealth called Dolly Strizziere, the Criminal Trial Assignment Clerk in the Court Administrator's Office. It appears

2. 18 Pa.C.S.A. § 903.

3. 18 Pa.C.S.A. § 907.

4. Appellant also argues that the lower court erred in denying his motion to suppress certain evidence as seized incident to an illegal arrest; that the lower court erred in admitting fingerprint evidence despite the Commonwealth's failure to establish a proper chain of custody; that the verdict was against the law, against the evidence, against the weight of the evidence, and insufficient to sustain the verdict; and that the sentence was unduly harsh and severe. The opinion of the lower court has adequately disposed of these arguments.

5. "Such motion [for an extension] shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided." Pa.R. Crim.P. 1100(c)(3).

from Mrs. Strizziere's testimony that appellant's case was first listed for trial on July 9, 1980, N.T. 3, but was not reached within the 180 day period because of a shortage of judges. The gist of her testimony was that only five judges were available to try criminal cases, and that they were not available all of the time because of summer vacations, and because one of the judges had been hurt in an accident. Also, she testified that in listing cases for trial, she listed those with the "more immediate Rule 1100 time problem" first. N.T. 11. After hearing argument, the lower court found that "the Commonwealth has proven a judicial delay through no fault of the District Attorney's Office . . . ." N.T. 27.

█ The wording of the lower court's finding is subject to being misunderstood. The Commonwealth's burden was not to prove "no fault" but "due diligence." [6] In its opinion the lower court states: "The Commonwealth always had an Assistant District Attorney assigned to this case, and filed for an extension prior to the 'run date.' So, there was no lack of due diligence in pursuing the matter." Slip op. at 5. The Commonwealth did prove that it always had the same assistant district attorney assigned to appellant's case. N.T. 13. But that proof was not by itself enough to support a finding of due diligence. Indeed, evidence of an unchanged assignment might even prove *lack* of diligence, if, for example, the assigned assistant district attorney had an unrealistic backlog of cases, while another assistant district attorney had no backlog. *See, Commonwealth v. Bayani,* 261 Pa.Super. 369, 396 A.2d 443 (1978) (No due diligence where case was "first assigned to an assistant district attorney whose backlog prevented [timely] trial . . ., and was not reassigned [to another assistant district attorney] until it was too late to commence trial within 180 days." "Better monitoring" held necessary.)

6. *See* note 5, *supra. See also Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Stabler,* 251 Pa.Super. 194, 380 A.2d 444 (1977).

■ Nevertheless, here we are satisfied that the Commonwealth was, as it claimed to the lower court, N.T. 20, ready to proceed with the trial, and that it was prevented from doing so by judicial delay that could not reasonably have been avoided. The lower court therefore properly granted the Commonwealth's motion for an extension of time within which to bring appellant to trial.

## –2–

As we have mentioned, appellant was charged with criminal conspiracy, criminal attempt (burglary), and possession of an instrument of crime. The jury found him guilty of all charges. The lower court denied appellant's post-trial motions, and sentenced him to 11½ to 23 months in prison for the attempted burglary. The court suspended sentence on the other charges.[7] Appellant argues that he should only have been sentenced for possession of an instrument of crime, and that the court should have "arrest[ed] judgment on [the other] two of the three charges of which appellant was found guilty." Brief for Appellant at 2, 11–13.

■ Appellant's argument involves confusions of terminology that appellant does not identify, much less resolve. Although appellant was "found guilty" of all three charges, the lower court sentenced him on only one—the attempted burglary charge. It is true that each of the three charges was a charge of an inchoate crime. 18 Pa.C.S.A. § 901 *et seq.* It is also true that 18 Pa.C.S.A. § 906 provides that "[a] person may not be convicted of more than one [inchoate crime] for conduct designed to commit or to culminate in the commission of the same crime." But appellant construes

---

7. We note that the Sentencing Code contains no provision for a "suspended" sentence. Sentencing alternatives provided by the Code, 42 Pa.C.S.A. § 9721, include: an order of probation; a determination of guilt without further penalty; partial confinement; total confinement; or a fine. To avoid ambiguity, exemplified by this case, the better practice is to avoid the use of the word "suspended" when referring to a sentence. *But see Commonwealth v. Brown,* 290 Pa.Super. 448, 434 A.2d 838 (1981).

"convicted" as equivalent to the jury's "verdict," which it is not. "When the law speaks of a *'conviction,'* it means a *judgment,* and not merely a *verdict,* which in common parlance is called a 'conviction.'" *Commonwealth v. Black,* 267 Pa.Super. 598, 602, 407 A.2d 403, 405 (1979), quoting *Smith v. Commonwealth,* 14 Serg. & R. 69, 70 (1826). Therefore, when the jury found appellant guilty of all three inchoate crimes, that was its *verdict,* to which Section 906 is inapplicable. Thereafter the judge *convicted* appellant of one inchoate crime by imposing a *judgment* of sentence for attempted burglary.[8]

When a trial court is faced with a jury verdict of guilty of more than one inchoate crime, it is required by Section 906 to render a judgment of sentence for no more than one of those crimes. That means the court must make a choice. Appellant argues that the court must choose the least serious crime, which here was possession of an instrument of crime. 18 Pa.C.S.A. §§ 906, 907. This argument has no merit. *Commonwealth v. Jackson,* 280 Pa.Super. 522, 421 A.2d 845 (1980). Indeed, where the trial court has erroneously convicted and sentenced an appellant for two inchoate crimes, the remedy has been either to amend the sentence, as in *Commonwealth v. Turner,* 290 Pa.Super. 428, 434 A.2d 827 (1981), where we vacated the sentence for the *lesser* offense, or to remand for resentencing for *either* one or the other, *Commonwealth v. Jackson, supra; Commonwealth v. Crocker,* 256 Pa.Super. 63, 389 A.2d 601 (1978). *But see Commonwealth v. Black, supra* (where trial judge sentenced on *lesser* of two charges he gave appellant undeserved leniency). The lower court therefore committed no error in imposing sentence for attempted burglary only.

Affirmed.

**8.** Appellant's argument that the lower court should have "arrest[ed] judgment on [the other] two of the three charges of which appellant was found guilty" reflects appellant's confusion of terminology. It assumes that three judgments were rendered. Only one was.