J-S41043-14

2014 PA Super 273

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MAURQUIS THOMSON | |
| Appellant | No. 2313 EDA 2013 |

Appeal from the Judgment of Sentence June 21, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002230-2012

BEFORE:  BOWES, J., DONOHUE J., AND MUNDY, J.

CONCURRING OPINION BY BOWES, J.:            **FILED DECEMBER 10, 2014**

I join the well-reasoned opinion of the learned majority.  I write further only to address our prior decision in **Commonwealth v. Morris**, 958 A.2d 569 (Pa.Super. 2008) (*en banc*), a decision in which I joined, and a seeming inconsistency in the manner in which our courts have construed the terms "convicted" and "conviction" in other statutes.

The **Morris** decision involved an interpretation of 42 Pa.C.S. § 9715. That statute authorizes life imprisonment for "any person **convicted** of murder of the third degree in this Commonwealth who has **previously been convicted** at any time of murder or voluntary manslaughter[.]"  42 Pa.C.S. § 9715(a) (emphasis added).  This Court held that the phrase "any time"

meant that an individual found guilty of two separate third-degree murder charges at the same trial could be sentenced to life imprisonment. We expressly overruled our prior decision in **Commonwealth v. Smith**, 710 A.2d 1179 (Pa.Super. 1998), which had interpreted the term "previously convicted" to mean that an individual could not be sentenced to life imprisonment if found guilty of two counts of third-degree murder at the same trial.

A panel of this Court recently opined, "[t]he term 'conviction' and its related term 'convicted' have a distinct legal meaning under the law." **Commonwealth v. Hale**, 85 A.3d 570, 581 (Pa.Super. 2014), *allowance of appeal granted*, __ A.3d __ (Pa. 2014) (filed July 2, 2014). Discussing **Commonwealth v. Palarino**, 77 A.2d 665 (Pa.Super. 1951), the **Hale** Court set forth that "[t]he word 'conviction' has both a popular and a technical meaning. As commonly understood, it means a verdict of guilty, or perhaps a plea of guilty, and for some purposes this is the meaning attributed to it by the courts." **Hale**, **supra** at 581 (quoting **Palarino**, **supra** at 667). However, the term also "has been held to imply 'judgment' or 'sentence' upon the verdict or plea." **Id.**

Indeed, the **Hale** Court recognized that dating back to at least 1826, the Pennsylvania Supreme Court had opined that, "When the law speaks of *conviction,* it means a *judgment,* and not merely a *verdict,* which, in common parlance, is called a conviction." **Id**. (quoting **Smith v.**

***Commonwealth***, 14 Serg. & Rawle 69 (1826) (italics in original)). In ***Smith v. Commonwealth***, our High Court reversed a recidivist burglary sentence that "subjected the defendant to life imprisonment because the indictment for his second burglary did not provide what judgment the defendant received for his prior burglary." ***Hale***, ***supra*** at 581 (discussing ***Smith v. Commonwealth***, ***supra***).

The ***Hale*** panel continued that this Court has followed the technical reading of the word "conviction" expressed in ***Smith v. Commonwealth*** in other contexts. In ***Commonwealth v. Black***, 407 A.2d 403 (Pa.Super. 1979), this Court addressed a finding of guilt for both burglary and the underlying theft offense. The defendant was found guilty of both charges but the court only sentenced the defendant on the burglary count. This Court found that the statute in question, which prohibited a "conviction" for both burglary and "the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense," 18 Pa.C.S. § 3502(d), only precluded multiple sentences. ***See id***.

We reached a similar result in ***Commonwealth v. Maguire***, 452 A.2d 1047 (Pa.Super. 1982). There, the defendant challenged multiple guilty verdicts for the inchoate crimes of possession of an instrument of crime, criminal conspiracy, and attempted burglary. The court only sentenced on the attempted burglary count, but the defendant maintained that the guilty verdicts for conspiracy and attempted burglary violated the then-applicable

version of 18 Pa.C.S. § 906. The **Maguire** panel disagreed. Importantly, it concluded, "appellant construes 'convicted' as equivalent to the jury's 'verdict,' which it is not." **Id.** 1049. According to the **Maguire** Court, "the judge *convicted* appellant of one inchoate crime by imposing a *judgment* of sentence for attempted burglary." **Id.** at 1050 (italics in original).

The **Hale** panel also cited to **Commonwealth v. Grekis**, 601 A.2d 1284 (Pa.Super. 1992). The **Grekis** Court noted, "we have interpreted the term 'conviction' in section 906 to mean entry of a judgment of sentence not a finding of guilt by the jury." **Id.** at 1294. This Court reached a similar conclusion in **Commonwealth v. Hassine**, 490 A.2d 438, 460 (Pa.Super. 1985), where we posited, "we accept the word 'conviction' as referring to post-verdict judgment by a court, and not to the verdict by the jury itself[.]"

Instantly, following the technical interpretation of the words "convicted" and "conviction" that we have utilized in other cases interpreting various criminal statutes, § 9715 could be read that "any person sentenced for murder of the third degree in the Commonwealth who has previously been sentenced at any time of murder or voluntary manslaughter in this Commonwealth . . . . shall be sentenced to life imprisonment." At the same time, the popular usage of the word "convicted" connotes a finding of guilt and not a judgment of sentence. **See also Commonwealth v. Kimmel**, 565 A.2d 426, 427 n.2 (Pa. 1989) (quoting **Commonwealth v. Beasley**, 479 A.2d 460 (Pa. 1984), and stating, "the term 'convicted' means 'found

- 4 -

guilty' and not 'found guilty and sentenced.'").  Indeed, it is apparent from the entire statute and other related mandatory statutes that the terms "convicted" and "conviction" used in § 9715 were used in their popular sense.[1]  Moreover, we are bound by **Morris**.  Nonetheless, I am troubled by the apparent inconsistency in our interpretation of the words "convicted" and "conviction."[2]  In my view, the legislature would do well to define the words "conviction" or "convicted" to reflect when it is using those words in either their popular or technical sense.

Judge Donohue joins this Concurring Opinion.

---

[1]  I am cognizant of the presumption that the legislature is aware of prior decisional law when crafting statutory language.

[2]  I recognize that the **Morris** Court did not focus its analysis on the use of the word "convicted."