J-S39003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PARRISH LINNEN, | |
| Appellant | No. 614 WDA 2016 |

Appeal from the Judgment of Sentence Entered April 6, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013602-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 06, 2017**

Appellant, Parrish Linnen, appeals from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, imposed after he was convicted of two counts of attempted homicide, 18 Pa.C.S. § 901(a), two counts of recklessly endangering another person 18 Pa.C.S. § 2705, and one count of conspiracy to commit homicide, 18 Pa.C.S. § 903(a).  After review, we vacate and remand for resentencing.

On appeal, Appellant raises three issues for this Court's review:

I. The trial court erred when it denied [Appellant's] motion for a mistrial when Commonwealth witness Irvin Green blurted out in front of the jury that [Appellant] had previously been charged with criminal homicide thereby denying [Appellant] a fair trial;

_____

[*] Retired Senior Judge assigned to the Superior Court.

II. The trial court erred when it denied [Appellant's] motion for judgment of acquittal relative to criminal attempt [homicide] where the Commonwealth failed to present sufficient evidence to prove [Appellant's] guilt beyond a reasonable doubt;

III. The trial court erred when it denied [Appellant's] motion for judgment of acquittal relative to criminal conspiracy where the Commonwealth failed to present sufficient evidence to prove [Appellant's] guilt beyond a reasonable doubt[.]

Appellant's Brief at 4 (unnecessary capitalization omitted).

We have carefully examined the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough opinion of The Honorable Randal Todd of the Court of Common Pleas of Allegheny County. We conclude that Judge Todd's well-reasoned opinion accurately disposes of the issues presented by Appellant. *See* Trial Court Opinion (TCO), 1/9/17, at 5-8 (rejecting Appellant's claim that a mistrial was warranted based on a remark made by Irvin Green during defense counsel's cross-examination); *id.* at 2-5 (summarizing the evidence presented at Appellant's trial); *id.* at 8-9, 11-12 (rejecting Appellant's challenge to the sufficiency of the evidence to sustain his attempted homicide and conspiracy convictions).[1] Accordingly, we adopt Judge Todd's opinion as our own, and reject Appellant's three issues for the reasons set forth therein.

---

Moreover, we point out that, in regard to Appellant's first issue, he does not develop any meaningful response to Judge Todd's conclusion that defense counsel elicited the at-issue statement upon which he now claims a mistrial was warranted. *See* Appellant's Brief at 10-11 (baldly stating that "[n]either the prosecution nor the defense intentionally elicited [the at-issue] statement[,]" with no further discussion of that contention). Appellant also cites no legal authority to support his assertion that the

*(Footnote Continued Next Page)*

- 2 -

Nevertheless, we are compelled to vacate Appellant's sentence and remand for resentencing. As Judge Todd points out in his opinion:

> [Appellant] was sentenced to two concurrent sentences of 15 to 30 years for the convictions for the criminal attempt homicide convictions and a consecutive sentence of 10 to 20 years for conspiracy to commit homicide. [Appellant] should not have been sentenced for both the inchoate crimes of criminal attempt homicide and the criminal conspiracy related to the attempted homicides. Sentences for more than one inchoate crime related to the same crime are prohibited by 18 Pa.C.S.[] §[]906[,] which provides:
>
>> A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or culminate in the commission of the same crime. 18 Pa.C.S. § 906[.]
>
> Therefore, the sentence imposed must be corrected.

TCO at 12.

---

*(Footnote Continued)* ──────────

court's cautionary instruction was insufficient to cure the prejudice he claims he suffered from that challenged remark. ***Id.*** at 11. Additionally, while Appellant's second and third issues are framed as challenges to the sufficiency of the evidence to sustain his attempted homicide and conspiracy convictions, his entire argument is focused on attacking the credibility of the two victims' testimony, averring that it "was fraught with inconsistencies and unreliability." ***Id.*** at 14; ***see also id.*** at 14-17. Attacks on credibility determinations are challenges to the weight, not the sufficiency, of the evidence. ***See Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa. Super. 1997). In any event, even had Appellant properly framed these issues as weight-of-the-evidence claims, we would conclude that Judge Todd's opinion accurately addresses those assertions as well. ***See*** TCO at 9-10, 11-12 (addressing Appellant's challenges to his attempted homicide and conspiracy convictions as both sufficiency-of-the-evidence claims and challenges to the weight of the evidence to support the jury's verdict).

We agree with Judge Todd that Appellant's sentence for conspiracy to commit homicide violates section 906.[2] "When a lower court improperly convicts and sentences a defendant for two inchoate crimes, this Court has the option to either remand for resentencing or amend the sentence directly." *See Commonwealth v. Cooke*, 492 A.2d 63, 71 (Pa. Super. 1985). Because in this case, the court imposed concurrent terms of incarceration for Appellant's two attempted homicide convictions, and a consecutive term for his conspiracy offense, we conclude that vacating the conspiracy sentence upsets the court's overall sentencing scheme and requires that we remand for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) (stating that if our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan).

_____

[2] While Appellant does not challenge his sentence on appeal, our Supreme Court has indicated that a violation of section 906 implicates the legality of sentence. *See Commonwealth v. Jacobs*, 39 A.3d 977, 978 (Pa. 2012) (accepting "review to determine whether [a]ppellant's sentences for … two inchoate crimes *are illegal* under 18 Pa.C.S. § 906") (emphasis added). "Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court." *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (citations omitted). Additionally, we note that, "although [s]ection 906 speaks in terms of 'multiple convictions,' the Superior Court has interpreted this section to bar multiple sentences." *Jacobs*, 39 A.3d at 978 n.1 (citing *Commonwealth v. Grekis*, 601 A.2d 1284, 1295 (Pa. Super. 1992); *Commonwealth v. Maguire*, 452 A.2d 1047, 1049 (Pa. Super. 1982)).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2017