J-S06013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NAFEES MATHIS | : | |
| Appellant | : | No. 571 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 15, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007947-2012

*****

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NAFEES MATHIS | : | |
| Appellant | : | No. 572 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 15, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007949-2012

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 03, 2020**

Nafees Mathis appeals from his judgment of sentence, entered in the

Court of Common Pleas of Philadelphia County, after he entered an open guilty

plea to two counts of attempted murder, two counts of conspiracy to commit

murder, and three violations of the Uniform Firearms Act.[1]  Because Mathis was illegally sentenced, we vacate the judgment of sentence and remand for resentencing.

On April 9, 2012, while on probation, Mathis shot Paris Coleman six times in the arm, leg and torso.  Mathis also shot an innocent bystander, Asiyah Devine.  When police apprehended Mathis in his home on April 26, 2012, he was found to be in possession of a firearm, which he was ineligible to possess.  Mathis ultimately pled guilty to the above charges and, on July 15, 2014, the trial court sentenced him to the following:  for attempted murder as to Coleman ("Attempted Murder Count 1"), 10 to 20 years' imprisonment; for conspiracy to commit murder as to Coleman, 10 to 20 years' imprisonment, to run concurrently with the Attempted Murder Count 1 sentence; for attempted murder as to Asiyah Devine ("Attempted Murder Count 2"), 10 to 20 years' imprisonment, to run consecutively to the Attempted Murder Count 1 sentence; for conspiracy to commit murder as to Asiyah Devine, 10 to 20 years' imprisonment, to run consecutively to the Attempted Murder Count 2 sentence; and for three firearms violations, an aggregate term of 11 to 22 years' imprisonment, to run concurrently to the Attempted Murder Count 2 sentence.  Mathis sought reconsideration of his sentence, which the court denied.  He did not file a direct appeal.

---

[1] 18 Pa.C.S.A. §§ 6101-6128.

On June 21, 2015, Mathis filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, asserting that his counsel failed to file a direct appeal despite his request to do so. After a hearing, the PCRA court reinstated Mathis' direct appellate rights. This appeal follows, in which Mathis challenges the legality and discretionary aspects of his sentence.

Mathis claims that the trial court imposed an illegal sentence when it sentenced him on both conspiracy to commit murder and attempted murder. In its Pa.R.A.P. 1925(a) opinion, the trial court agreed, and recommended we remand for resentencing.[2] The Commonwealth also concedes the illegality of Mathis' sentence. We concur that Mathis was illegally sentenced.

Section 906 of the Crimes Code provides that "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906. In this context, "[w]hen the law speaks of a 'conviction,' it means a judgment, and not merely a verdict, which in common parlance is called a conviction." *Commonwealth v. Maguire*, 452 A.2d 1047, 1049 (Pa. Super. 1982). When a defendant is convicted of more than one inchoate crime, section 906 requires that the court render a judgment of sentence for no more than one of those crimes. *See id.* at 1050. "[I]nchoate crimes merge only when directed to the

---

[2] The Honorable Earl W. Trent originally imposed Mathis' sentence. He has since retired and the case was reassigned to the Honorable Genece Brinkley, who issued the instant opinion recommending remand for resentencing.

commission of the same crime, not merely because they arise out of the same incident." ***Commonwealth v. Graves***, 508 A.2d 1198, 1198 (Pa. 1986). Section 906 "is designed to eliminate multiple . . . judgments of sentence for conduct which constitutes preparation for a single criminal objective." ***Commonwealth v. Grekis***, 601 A.2d 1284, 1295 (Pa. Super. 1992). ***But see Commonwealth v. Jacobs***, 39 A.3d 977 (Pa. 2012) (holding sentences for attempt to escape and conspiracy to commit escape from prison did not merge under section 906, where conspiracy conviction based on joint escape plan, while attempt to escape conviction involved several distinct escape attempts).

"[W]here the trial court has erroneously . . . sentenced an appellant for two inchoate crimes, the remedy has been either to amend the sentence . . . or to remand for resentencing for either one or the other." ***Maguire***, 452 A.2d at 1050. ***See also In Interest of Mark C.***, 489 A.2d 887 (Pa. Super. 1985) (when trial court errs by sentencing appellant on both inchoate crimes, appellate court has option either to remand for resentencing or to amend sentence directly); ***Commonwealth v. Watts***, 465 A.2d 1267 (Pa. Super. 1983) (vacating appellant's judgment of sentence for one inchoate crime and affirming judgment of sentence for other crime, where trial court imposed concurrent sentences on each conviction).

Here, the offenses of attempted murder and conspiracy to commit murder were directed toward one objective—the (attempted) killing of the victims. ***See*** 18 Pa.C.S.A. § 906. Despite this fact, the trial court sentenced

Mathis on both attempted murder and conspiracy to commit murder as to each victim. As such, Mathis' judgment of sentence is illegal. ***See Maguire***, ***supra***; 18 Pa.C.S.A. § 906. Accordingly, we vacate the judgment of sentence in its entirety and remand for resentencing. ***See Commonwealth v. Bartrug***, 732 A.2d 1287 (Pa. Super. 1999) (sentencing error on one count in multi-count case generally requires all sentences for all counts to be vacated so court can restructure entire sentencing scheme). ***See also Commonwealth v. Goldhammer***, 517 A.2d 1280, 1283 (Pa. 1986) (stating generally if appellate court alters overall sentencing scheme, remand for re-sentencing is proper).

Judgment of sentence vacated; case remanded for resentencing in accordance with the dictates of this memorandum. Jurisdiction relinquished.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/20

---

[3] Because we vacate Mathis' judgment of sentence, we need not address his claim regarding the discretionary aspects of his sentence.