J-A21016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SILEEN KENNEY :
:
Appellant : No. 2193 EDA 2018

Appeal from the Judgment of Sentence Entered March 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010010-2009,
CP-51-CR-0010011-2009, CP-51-CR-0010012-2009

BEFORE: BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 11, 2020**

Appellant, Sileen Kenney appeals from the judgment of sentence entered on March 13, 2018. Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows. On February 16, 2009, Appellant and an accomplice forced their way into a neighbor's home, stole cash, shot and wounded two victims therein, and fled. On March 12, 2009, the Commonwealth filed three criminal informations against Appellant, one for each of the victims, docketed at numbers CP-51-CR-0010010-2009, CP-51-CR-0010011-2009, CP-51-CR-0010012-2009, as captioned above. On March 24, 2010, following a bench trial, the court found Appellant guilty of three counts of attempted murder, three counts of aggravated assault, and one count each of robbery, criminal conspiracy, theft-receiving stolen property, carrying a firearm without a

license, carrying a firearm in public in Philadelphia, terroristic threats, simple assault, recklessly endangering another person, possession of an instrument of crime, and unlawful restraint. On May 25, 2010, the trial court sentenced Appellant to serve an aggregate term of 20 to 40 years of incarceration, plus 10 years of reporting probation. We affirmed Appellant's judgment of sentence in an unpublished memorandum filed on June 26, 2012. **See Commonwealth v. Kenney**, 53 A.3d 939 (Pa. Super. 2012) (unpublished memorandum). In that decision, we determined that Appellant waived his sufficiency argument regarding all 16 of his criminal convictions for lack of specificity and for failing to develop an argument regarding eyewitness identification. **Id.** at *12 ("[Kinney] did not denote the specific unproven elements; he merely concluded the evidence as a whole was insufficient to support the guilty verdict on all counts [and] also failed to advance his claim regarding the identification evidence.").

Thereafter, Appellant filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Relevant herein, Appellant claimed that counsel was "ineffective for failing to raise, with adequate specificity, a sufficiency claim regarding the *mens rea* element of the offense of attempted murder." **See Commonwealth v. Kenney**, 159 2016 WL 7340309 at *2 (Pa. Super. 2016) (unpublished memorandum). The PCRA court denied relief by opinion dated January 28, 2016. A prior panel of this Court affirmed the PCRA court's denial of substantive relief in an unpublished memorandum on December 19, 2016. Relying upon the trial

- 2 -

court's "meticulous" sufficiency analysis and the PCRA court's "painstaking review of the sufficiency of the evidence [] for each of the charges against Kenney[,]" the prior panel of this Court determined that Appellant's "ineffectiveness claim lacked merit because the evidence was sufficient to support his convictions." *Id.* at *3.

Appellant, however, also argued, "the sentence imposed on the attempted murder conviction, of 20 to 40 years in prison, followed by 10 years of probation for the conspiracy to commit murder conviction, was illegal because the offenses of attempted murder and criminal conspiracy merge for sentencing purposes." *Id.* at *3-4. The prior panel agreed that Appellant was entitled to relief, vacated Appellant's judgment of sentence, and remanded the case to the trial court for resentencing pursuant to 18 Pa.C.S.A. § 906.[1] *Id.* at *5.

The trial court held a resentencing hearing on March 13, 2018. It sentenced Appellant to 20 to 40 years of imprisonment for attempted murder, and vacated the 10-year probationary period for conspiracy.[2] Appellant filed

---

[1] "A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906.

[2] *See Commonwealth v. Maguire*, 452 A.2d 1047, 1050 (Pa. Super. 1982) ("[W]here the trial court has erroneously convicted and sentenced an appellant for two inchoate crimes, [one] remedy [is] to remand for resentencing for *either* one or the other.")

a motion for reconsideration on March 16, 2018. The motion for reconsideration was deemed denied by operation of law on July 17, 2018. On July 20, 2018, Appellant filed a timely notice of appeal listing all three docket numbers CP-51-CR-0010010-2009, CP-51-CR-0010011-2009, and CP-51-CR-0010012-2009.[3] On August 8, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

_____

[3] On August 3, 2018, this Court issued a rule to show cause why the appeal should not be quashed based upon our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases" pursuant to Pa.R.A.P. 341 and its note). On August 9, 2018, Appellant filed a response. Appellant claimed that despite filing a single notice of appeal listing all three docket numbers, unlike the factual scenario presented in ***Walker*** wherein the Commonwealth appealed "from four cases that involved four different defendants," in this matter "there was only one alleged criminal episode that occurred on [February 16, 2009] which the three [docketed] cases covered" and that "[t]his case involves only one defendant and all the issues are identical." Response to Rule to Show Cause, 8/9/2018, at ¶¶ 2 and 4. Moreover, the Commonwealth, in its brief on appeal to this Court, "took no position" on the application of ***Walker*** or whether this appeal should be quashed. Commonwealth's Brief, at 6. On November 26, 2019, this Court entered a *per curiam* order staying this matter pending the *en banc* resolution of ***Commonwealth v. Johnson***, 1620, 2045, 2046, 2047 EDA 2018, concerning the proper application of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) in light of ***Commonwealth v. Creese***, 216 A.3d 1142 (Pa. Super. 2019) (reading ***Walker*** as a mandate to quash appeal unless notice of appeal contains only one trial court docket number). On July 9, 2020, an *en banc* panel of this Court decided ***Commonwealth v. Johnson***, 2020 WL 3869723 (Pa. Super. 2020) (*en banc*) which explicitly overruled ***Creese***, **supra** and held that as long as the appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." ***Johnson***, at *11. Accordingly, we decline to quash the instant appeal.

1925(b). Appellant complied timely on August 20, 2018. On December 11, 2018, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents the following issues for our review:

I.    The evidence was not sufficient to establish beyond a reasonable doubt that [Appellant] committed the offenses of attempted murder because the evidence did not establish beyond a reasonable doubt the alleged shooters of the complainants acted with specific intent to kill because the evidence established that the complainants were shot during the course of a robbery and then the perpetrators fled the scene. The evidence in this case established beyond a reasonable doubt an intent to rob but not an intent to kill. The judgment of sentence for the offenses of attempted murder should be vacated.[4]

II.   The sentence imposed at the resentencing hearing of 20 to 40 years in prison was unreasonable because the record showed that [Appellant] had [the] support of his family and could reintegrate into civil society and [Appellant] showed that while serving in prison he had a rehabilitative potential.

Appellant's Brief at 7.

In his second issue presented, Appellant claims the trial court, at resentencing, abused its discretion by imposing an excessive punishment

_____

[4] We will not address Appellant's first issue presented. As previously mentioned, we remanded this matter only for resentencing and, thus, we will not address Appellant's current sufficiency challenge. *See Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. 2001) (In an appeal following a limited remand, an appellant may not raise new issues wholly unrelated to the issues on remand.). Moreover, the prior panel already determined that Appellant's ineffective assistance of counsel claim "lacked merit because the evidence was sufficient to support his convictions." *See Commonwealth v. Kenney*, 2016 WL 7340309 at *3 (Pa. Super. 2016) (unpublished memorandum). "[A] court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995).

without considering his positive prison record and potential for rehabilitation.

*Id.* at 10-11.  In sum, Appellant asserts:

> The aggregate sentence imposed of 20 to 40 years in prison was unjust and [an] unreasonable sentence.  The record shows that [Appellant] was a 31 year old man at the time of his resentencing with a prior record score of "0" and had the support of his family and he expressed remorse for the incident.  The record shows that during the 9 years in prison he attempted to rehabilitate himself with the help of the Department of Corrections and was participating in prison programs.  At a resentencing the trial court must take into account the defendant's good conduct while in prison.
>
> Also, the trial court ran two sentences consecutively.  The trial court does not have unfettered discretion in this regard [and] it is not free to impose any sentence up to the lawful maximum and impose those sentences consecutively, if that sentence is unreasonable.

*Id.* at 10 (case citations omitted).

Appellant challenges the trial court's discretionary authority to impose a sentence.  We have stated:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right.  Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code.  The requirement that

an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

***Commonwealth v. Andrews***, 213 A.3d 1004, 1016 (Pa. Super. 2019) (citation and brackets omitted).

In this case, Appellant has complied with the first three requirements as set forth above. Next, we examine whether Appellant raises a substantial question meriting our discretionary review. We have previously determined that a claim challenging a trial court's failure "to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of [an a]ppellant, as 42 Pa.C.S.A. § 9721(b) requires," raises a substantial question. ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012). We conclude that Appellant raises a substantial question.

In reviewing a discretionary sentencing claim, we adhere to the following standards:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> \* \* \*

> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to

- 7 -

the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-761 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

Upon appellate review, this Court considers 42 Pa.C.S.A. § 9781, which

provides, in pertinent part:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
>
> **(d) Review of record.--**In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.

18 Pa.C.S.A. § 9781(c) and (d).

Here, the trial court determined:

> [The trial court] considered [Appellant's] history and all related mitigating circumstances. At resentencing, [the trial c]ourt heard argument from defense counsel that [Appellant's] family was present and supportive. [The trial c]ourt also heard testimony from [Appellant] stating that he had taken classes while incarcerated, stayed out of trouble, and that he had created business plans and strategies for a successful life once out of prison. [However, the trial c]ourt was not convinced that [Appellant] was sincere in his remorse. Although it was admirable that [Appellant] was seeking to better himself, [Appellant] was ordered to complete job training, take anger management and stay out of trouble as conditions of his original sentence. (N.T. 5/25/2010, [at] 36). Thus, his actions were simply in compliance with [the trial c]ourt's previous sentence. Because [Appellant's] crimes were particularly heinous and put children at risk, his good behavior in prison did not entitle him to a shorter sentence than what was originally deemed proper by [the trial c]ourt. Although not entitled to it, [the trial c]ourt did completely vacate his probationary term, rather than reconfigure his sentence to include a probationary tail on a different offense. Thus, [the trial c]ourt **did** give [Appellant] a lesser sentence than originally imposed. As a result, [the trial court concluded it] did not err [in imposing Appellant's sentence].

Trial Court Opinion, 12/11/2018, at 10 (emphasis in original).

Upon review, we discern no abuse of discretion in sentencing Appellant. Initially, we note that upon remand for resentencing, Appellant actually received a lesser sentence than initially imposed. Moreover, the trial court considered evidence of Appellant's purported rehabilitation and rejected it. Essentially, Appellant believes that he is entitled to an even shorter sentence because he was rehabilitated in prison. More specifically, at sentencing, Appellant claimed he regretted his actions and credited a prison sponsored victim awareness class for helping him to understand the pain and suffering he caused. He vowed to never harm another individual. N.T., 3/13/2018, at

18-21. However, after sentencing, Appellant stated on the record that he did not shoot the victims and claimed that the Commonwealth did not prove his crimes beyond a reasonable doubt. *Id.* at 28-29. Accordingly, Appellant's claim that he is now remorseful for his conduct is clearly belied by the record. Furthermore, the trial court stated that it imposed the particular sentence because one of the victims was shot twice, endured 24 days of treatment and recovery in the hospital, testified that she still suffers constant pain, and believed it would take three full years to recover. *Id.* at 24-25. Thus, the trial court considered the impact of the crimes on the public and the gravity of the offenses when it imposed Appellant's sentence. Appellant does not challenge those considerations. Moreover, upon review of the certified record and in consideration of 42 Pa.C.S.A. § 9781, we discern no error. As such, based upon all of the foregoing, we conclude that the trial court did not abuse its discretion when fashioning Appellant's sentence. Hence, Appellant's second claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2020

- 10 -