J-A25023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

RAUL MARQUEZ

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 196 MDA 2020

Appeal from the PCRA Order Entered January 16, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005358-2008

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 30, 2020**

Appellant, Raul Marquez, appeals *pro se* from an order entered on January 16, 2020, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts and procedural history of this case are as follows.  In 2008, the Commonwealth charged Appellant with multiple offenses relating to the murder of Terrell Little.  "Following a jury trial, on June 5, 2009, [Appellant] was convicted of murder in the first degree, murder in the third degree, aggravated assault, possessing instruments of [a] crime [("PIC")], four counts of recklessly endangering another person [("REAP")], and conspiracy" to each of the above offenses. ***Commonwealth v. Marquez***, 2013 WL 11276856, at *1 (Pa. Super. Feb. 26, 2013).  On July 30, 2009, the trial court sentenced Appellant as follows: life imprisonment for first-degree murder; one to five

years' incarceration for PIC; one to two years' incarceration for each of the four counts of REAP; and 20 to 40 years' incarceration for criminal conspiracy to commit first-degree murder. The remaining counts merged for sentencing purposes.

Appellant filed a direct appeal but, on September 4, 2009, this Court quashed his appeal as untimely. On January 3, 2011, Appellant filed a PCRA petition seeking reinstatement of his right to file a post-sentence motion and direct appeal. On February 3, 2012, the PCRA court reinstated Appellant's post-sentence and appellate rights. Appellant filed a post-sentence motion on February 29, 2012, which the trial court denied on April 5, 2012. This Court affirmed Appellant's judgment of sentence on February 26, 2012, and our Supreme Court subsequently denied *allocatur* on July 31, 2013. **Marquez**, 2013 WL 11276856, at *1, *appeal denied*, 72 A.3d 601 (Pa. 2013).

On August 4, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court subsequently appointed counsel who, on March 5, 2019, filed a motion to withdraw together with a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 10, 2019, the PCRA court allowed counsel to withdraw. PCRA Court Order, 12/10/19, at *1 (un-paginated). In addition, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition in 20 days without holding a hearing because it concluded that Appellant's petition lacked merit and that he was not entitled

to collateral relief.  PCRA Court Rule 907 Notice of Intent to Dismiss, 12/10/19, at *1-4 (un-paginated); *see also* Pa.R.Crim.P. 907(1).

On January 6, 2020, Appellant filed a *pro se* response to the court's Rule 907 notice.  In his response, Appellant requested that the PCRA court grant him leave to amend his PCRA petition to "properly r[a]ise issues of ineffective [assistance of] counsel."  Appellant's *Pro Se* Response to Rule 907 Notice, 1/6/20, at 1.  Specifically, Appellant stated that he wished to fully brief the following claims: "counsel was ineffective for failing to object to [Appellant] being convicted of several counts of conspiracy in violation of 18 Pa.C.S.A. §§ 906 and 903[]" and "counsel was ineffective for failing to object to the [trial c]ourt's [j]ury [i]nstructions" for aggravated assault.  *Id.* at 2-3.  On January 16, 2020, the PCRA court dismissed Appellant's petition.  PCRA Court Order, 1/16/20, at 1.  In so doing, the court explained that Appellant should not be permitted to amend his PCRA petition because the additional claims pertaining to trial counsel's ineffectiveness were not raised until the court issued its Rule 907 notice.  In addition, the court concluded that Appellant's claims of ineffectiveness lacked merit.  *Id.*  This timely appeal followed.[1]

Appellant raises the following issues on appeal:

    I.    Whether the PCRA court erred in denying Appellant's request to amend his PCRA [petition?]

---

[1] Appellant filed a notice of appeal on February 5, 2020.  That same day, the PCRA court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1).  Appellant timely complied.  The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 27, 2020.

> II. Whether the PCRA court erred [when it concluded that the issues raised in Appellant's response to its Rule 907 notice lacked merit?]

Appellant's Brief at 4 and 5 (superfluous capitalization omitted).

In his first issue, Appellant argues that the PCRA court erred in denying his request to amend his PCRA petition. As our Supreme Court has explained, pursuant to Pa.R.Crim.P. 905(A), "PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition, and . . . the content of amendments [need not] substantively align with the initial filing. Rather, the prevailing rule remains simply that amendment is to be freely allowed to achieve substantial justice." *Commonwealth v. Flanagan*, 854 A.2d 489, 499-500 (Pa. 2004) (internal citations omitted); *see also* Pa.R.Crim.P. 905(A). If, however, a PCRA court denies a petitioner's request to amend his PCRA petition but then considers issues or claims raised in supplemental filings, we have concluded that this is "essentially a reconsideration of [the court's] earlier decision to deny [the petitioner's] motion" which, in turn, has "effectively allow[ed amendment of the] petition to include those issues presented in the supplement." *Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003).

Herein, on January 6, 2020, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice. In his response, Appellant requested permission to amend his PCRA petition and also raised two claims of ineffective assistance of counsel. While the PCRA court initially denied Appellant's request to amend his petition, the court ultimately addressed both of Appellant's supplemental

ineffectiveness claims in its order dismissing Appellant's PCRA petition and its Pa.R.A.P. 1925(a) opinion. As such, "we conclude that the PCRA court's actions were well within its discretion and were in furtherance of achieving substantial justice for [Appellant], a PCRA petitioner who was proceeding *pro se*. Consequently, the PCRA court properly considered the [response] as part of Appellant's original petition, and we have jurisdiction to review the merits of the claims raised therein." **Boyd**, 835 A.2d at 816.

In his remaining issue, Appellant argues that the PCRA court erred in dismissing his PCRA petition because the claims raised in Appellant's response to the Rule 907 notice lacked merit. In developing these claims, Appellant argues that trial counsel provided ineffective assistance. Our standard of review is as follows:

> As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. Th[is C]ourt's scope of review is limited to the findings of the PCRA court and the evidence [of record], viewed in the light most favorable to the prevailing party.

**Commonwealth v. Hammond**, 953 A.2d 544, 556 (Pa. Super. 2008) (citations and quotations omitted).

Further,

> to establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Turetsky**, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). The burden is on the defendant to prove all three of the following prongs: "(1) the underlying

- 5 -

claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id*. (citation omitted).

We have explained that

[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 ([Pa.] 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . ., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some internal quotations and citations omitted).

"[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Paddy*, 15 A.3d 431, 443 ([Pa.] 2011). Moreover, "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 ([Pa.] 2009) (citation omitted).

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043–1044 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1029 (Pa. 2019) (parallel citations omitted).

First, Appellant argues that trial counsel was ineffective for failing to object to his conviction for "eight [] conspiracy counts" in violation of 18 Pa.C.S.A. §§ 903 and 906. Appellant's Brief at 6. Upon review, we conclude that Appellant's claim lacks merit.

We begin with the definition of conspiracy, which is as follows:

> **(a) Definition of conspiracy**.--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> > (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
> >
> > (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). "If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship." 18 Pa.C.S.A. § 903(c). "A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906.

In **Commonwealth v. Jacobs**, 39 A.3d 977 (Pa. 2012), our Supreme Court examined the application of Section 906 in circumstances relevant to those currently before us:

> The full text of Section 906 of the Crimes Code, entitled "Multiple convictions of inchoate crimes barred," provides as follows: "A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906. [...T]he Superior Court has interpreted "convicted" in Section 906 to mean the entry of a judgment of sentence, rather than a finding of guilt by the jury. **See Commonwealth v. Grekis**, 601 A.2d 1284, 1295 (Pa. Super. 1992) ("Section 906 is designed to eliminate multiple convictions, *i.e.*, judgments of sentence, for conduct which constitutes preparation for a single criminal objective."); **Commonwealth v. Maguire**, 452 A.2d 1047, 1049 (Pa. Super. 1982) (rejecting the defendant's argument that "convicted" in Section 906 is equivalent to the jury's verdict: "When the law speaks of a 'conviction,' it means a judgment, and not merely a verdict, which in common parlance is called a 'conviction.' "). [Accordingly,] it is not a violation of Section 906 for the jury to find a defendant guilty of multiple inchoate crimes designed to culminate in the same crime; a problem arises only when the trial court imposes multiple sentences for those inchoate crimes that are designed to culminate in the same crime.

**Id**. at 982-983; **see also Commonwealth v. Holloway**, 2019 WL 4072450, at *2 (Pa. Super. Aug. 29, 2019) (unpublished memorandum) (explaining that Section 903(c) and Section 906 "do not affect verdicts; they only control sentencing").

Herein, the jury convicted Appellant of each of the eight counts of criminal conspiracy. The trial court, however, only sentenced Appellant on one count: criminal conspiracy to commit first-degree murder. The remaining

conspiracy charges merged for purposes of sentencing. Thus, contrary to Appellant's claims, the trial court did not "impose[] multiple sentences" for each of the eight counts of criminal conspiracy and, as such, counsel did not need to lodge an objection. ***Jacobs***, 39 A.3d at 983. Accordingly, we conclude that Appellant's claim of ineffective assistance lacks merit.

Lastly, Appellant argues that trial counsel was ineffective for failing to object to the trial court's jury instructions relating to his aggravated assault charge. Specifically, Appellant "argues that the trial court's instruction allowed the jury to 'choose to acquit or not acquit' by improperly using the phrase 'should' in its charge" and that the court failed to instruct the jury to make a "'specific jury finding of either intentional or knowing conduct.'" PCRA Court Opinion, 2/27/20, at *5 and *6 (un-paginated) (citation omitted).

We previously explained:

> When reviewing a challenge to a jury charge, we must examine the trial court's instruction in its entirety, against the background of all evidence presented, to determine whether error was committed. A jury charge is erroneous if the charge as a whole is inadequate, unclear, or has a tendency to mislead or confuse the jury rather than clarify a material issue. Therefore, a charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said.

***Commonwealth v. Grimes***, 982 A.2d 559, 564 (Pa. Super. 2009) (citation omitted).

Herein, the trial court issued the following instructions:

> [Appellant has] been charged in [c]ount [three] with aggravated assault. To find [Appellant] guilty of this offense, you must find that each of the following elements has been proven beyond a

reasonable doubt. First, that [Appellant] attempted to cause serious bodily injury to Terrell Little. Serious bodily injury [includes injuries] that would create a substantial risk of death or that would cause serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. In order to find that [Appellant] attempted to do this, you must find that he engaged in a substantial step toward causing serious bodily injury to Terrell Little. And, second, that [Appellant's] conduct in this regard was intentional; in other words, that it was his conscious object or purpose to cause such serious bodily injury.

It is important that you understand how these two elements relate to each other in order to assess whether they have each been proven beyond a reasonable doubt. In proving this count of aggravated assault, the Commonwealth need not prove that serious bodily injury was actually inflicted on the alleged victim. The Commonwealth must prove, however, that [Appellant] took an action; that is, a substantial step, of such a nature that there is no reasonable doubt but that it was his conscious object or purpose to cause such life-threatening injury to the alleged victim.

Any particular action by [Appellant,] although serious, such as pointing a loaded weapon at another, is not in and of itself sufficient evidence from which you may find that he intended to cause serious bodily injury. This is because any such action may also be evidence of some less serious outcome [Appellant] actually intended, such as simply to scare the alleged victim or to cause only some less serious injury.

It is only when, after consideration of all the evidence, that you conclude beyond a reasonable doubt that [Appellant's] action was a substantial step in a chain of events he consciously set in motion with his intended result being that the alleged victim would actually suffer serious bodily injury that you should find him guilty of this count. Otherwise, you should find [Appellant] not guilty of aggravated assault.

N.T. Trial, 6/1/09-6/5/09, at 1111-1113.

Upon review, we conclude that Appellant's claim of error lacks merit. First, the jury instructions provided by the trial court, including the use of the term "should," mirror the Pennsylvania Standard Jury Instructions for

- 10 -

aggravated assault.[2]  Therefore, the trial court's jury instruction provided an

accurate reflection of Pennsylvania law.  ***See Commonwealth v. Pope***, 14

---

[2] The suggested standard jury instructions for the offense of aggravated assault are as follows:

1. The defendant has been charged in count [count] with aggravated assault.  To find the defendant guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt:

   First, that the defendant attempted to cause serious bodily injury to [name of victim].  Serious bodily injury means bodily injury that would create a substantial risk of death or that would cause serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

   In order to find that the defendant attempted to do this, you must find that [he] [she] engaged in conduct that constituted a substantial step toward causing serious bodily injury to [name of victim]; and

   Second, that the defendant's conduct in this regard was intentional; in other words, that it was [his] [her] conscious object or purpose to cause such serious bodily injury.

   ***

2. It is important that you understand how these [two] [] elements relate to each other in order to assess whether they have each been proven beyond a reasonable doubt.  In proving this count of aggravated assault, the Commonwealth need not prove that serious bodily injury was actually inflicted on the alleged victim. The Commonwealth must prove, however, that the defendant took an action, that is, a substantial step, of such a nature that there is no reasonable doubt but that it was [his] [her] conscious object or purpose to cause such a life-threatening injury to the alleged victim.

3. To make this determination, you may find it useful to ask why the alleged victim did not actually suffer serious bodily injury as a

A.3d 139, 144 (Pa. Super. 2011) (explaining that the trial court's use of "must" rather than "should" was "supported by the . . . revisions made to the Pennsylvania Standard Jury Instructions" and, as such, the court's instruction was adequate, clear, and did not mislead or confuse the jury). Second, contrary to Appellant's assertion, the court instructed the jury that, in order to convict Appellant of aggravated assault, he needed to have acted intentionally. Indeed, the trial court stated, more than once, that the jury

_____

result of this incident. If you find that such injury did not occur only because of something outside the control of the defendant [such as the intervention of a third party to stop the attack, the ability of the alleged victim to avoid the full brunt of the attack, or the prompt administration of medical attention that prevented the injuries from developing into the kind that would meet the definition of serious bodily injury], then you may consider that as evidence as to whether the defendant's substantial step was done with the intent necessary to support a verdict of guilty on this count.

4. However, any particular action by a defendant, although serious [such as pointing a loaded weapon at another], is not, in and of itself, sufficient evidence from which you may find that [he] [she] intended to cause serious bodily injury. This is so because any such action may also be evidence of some less serious outcome the defendant actually intended, such as simply to scare the alleged victim or to cause only some less serious injury.

5. It is only when, after consideration of all of the evidence, you conclude beyond a reasonable doubt that the defendant's action was a substantial step in a chain of events [he] [she] consciously set in motion with [his] [her] intended result being that the alleged victim would actually suffer serious bodily injury, that you **should** find [him] [her] guilty of this count. Otherwise, you **should** find the defendant not guilty of aggravated assault.

Pa.S.S.J.I. §15.2702A (emphasis added).

needed to determine, beyond a reasonable doubt, whether Appellant's conduct "was intentional" or "in other words, that it was his conscious object or purpose to cause such serious bodily injury." N.T. Trial, 6/1/09-6/5/09, at 1112. As the trial court did not err in its jury instructions, we conclude that Appellant's contention that trial counsel was ineffective for failing to object to the same lacks merit.

Based upon the foregoing, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2020